UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ROBERT A. BAYARD,

       Plaintiff,

   v.

CITY OF CAMDEN, CITY OF CAMDEN
POLICE DEPARTMENT, CHIEF SCOTT
THOMSON, and JOSEPH WYSOCKI,

      Defendants.

---

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 14-1616
(JEI/JS)

**ORDER REMANDING CASE TO NEW
JERSEY SUPERIOR COURT, CAMDEN
COUNTY**

**APPEARANCES:**

JOHN P. MORRIS, ESQ.
142 West Broad Street
Bridgeton, New Jersey 08302
    Counsel for Plaintiff

WEIR & PARTNERS LLP
By:  John C. Eastlack, Jr., Esq.
     Daniel E. Ryback, Esq.
457 Haddonfield Road
Suite 420
Cherry Hill, New Jersey 08002
    Counsel for Defendants

**Irenas**, Senior District Judge:

This matter having appeared before the Court upon

Plaintiff's Motion for Remand to New Jersey State Court, which

was unopposed by Defendants; and for good cause appearing that:

1.  Plaintiff Robert A. Bayard initiated this lawsuit by

filing a Complaint in the New Jersey Superior Court, Camden

1

County, Law Division, Docket Number: CAM-L-4967-13.[1]   (See Pet.

for Removal, Ex. A, Compl. at 1)   Plaintiff's suit contains four

claims for relief arising from his suspension from employment

with the City of Camden Police Department during various periods

from 2009 to 2011, and 2011 through 2012.   In his suit,

Plaintiff brings claims according to New Jersey state law, as

well as a federal civil rights claim under 42 U.S.C. §§ 1983.

2.   On March 13, 2014, Defendants filed a Petition for

Removal with this Court pursuant to 28 U.S.C. §§ 1441 & 1446.

(Pet. for Removal ¶¶ 2, 5)   In their Petition, the Defendants

contend that this Court has original jurisdiction over the

Plaintiff's federal civil rights claim under § 1331, and as a

result, the Defendants may remove Plaintiff's case to this Court

under § 1441(a).   (Id. ¶¶ 2-3)   The Defendants further allege

that they have complied with the procedural requirements imposed

by § 1446(b) by filing their Petition within thirty days of

receipt of Plaintiff's Summons and Complaint.   (Id. ¶ 5)

3.   On April 11, Plaintiff filed the currently pending

Motion to Remand.   Plaintiff contends that the Defendants'

Petition for Removal was actually untimely because it was filed

more than thirty days after service of the Summons and

---

[1] Upon reviewing Plaintiff's Complaint, the Court cannot determine the
date it was filed in the Camden County Superior Court because the stamped
"filed" date is illegible.   However, as explained infra, remand is
nonetheless appropriate because of procedural defects with Defendants'
removal process.

2

Complaint.   (Pl.'s Br. at 1-2)   As a result, the Plaintiff argues that this procedural defect deprives the Defendants from utilizing this Court's removal procedures.   (Id.)   In support of this contention, Plaintiff provides affidavits of service by William G. Freitag, declaring under penalty of perjury that the four Defendants were served with the Summons, Complaint, and Track Assignment Notice on February 10, 2014, at 12:10 p.m. (Pa. 1-4)

4.   The federal removal statute is "to be strictly construed against removal."   *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).   All doubts regarding removal must be resolved in favor of remand.   *Samuel-Bassett*, 357 F.3d at 396.

5.   Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   Here, there is no dispute that Count Four of Plaintiff's claim seeks relief under 42 U.S.C. § 1983.   (Compl. ¶ 53)   Under 28 U.S.C. § 1331, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   As such,

3

the Defendants have satisfied § 1441(a), generally permitting

them to remove Plaintiff's civil action to the district court.

6.   In addition, to properly effect removal, the removal

statutes impose additional procedural requirements beyond just §

1441.  Among these requirements, § 1446(b)(1) instructs that:

> The notice of removal of a civil action or
> proceeding shall be filed within 30 days after
> the receipt by the defendant, through service
> or otherwise, of a copy of the initial
> pleading setting forth the claim for relief
> upon which such action or proceeding is based,
> or within 30 days after the service of summons
> upon the defendant if such initial pleading
> has then been filed in court and is not
> required to be served on the defendant,
> whichever period is shorter.

The Federal Rules of Civil Procedure explicitly set out the

computation of time for "any time period specified in these

rules, in any local rule or court order, or in any statute that

does not specify a method of computing time."  Fed. R. Civ. P.

6(a).  Specifically, when a time period is stated in days, the

Federal Rules explain that parties are to "exclude the day of

the event that triggers the period; count every day, including

intermediate Saturdays, Sundays, and legal holidays; and include

the last day of the period . . . ."  Fed. R. Civ. P. 6(a)(1)-

(3).

7.   In Defendants' Petition for Removal, filed March 13,

2014, Defendants contend that removal was timely because "[o]n

or around February 11, 2014, Defendants received a Summons and

4

Complaint in this matter . . . ."   (Pet. for Removal ¶ 1)

However, Plaintiff demonstrates that service of the initial

pleading was actually effected on February 10, 2014 at 12:10

p.m.[2]  (See Pa. 1-4)  As a result, the thirty-day period for

removal under § 1446(b)(1), calculated in accordance with Rule

6, began on February 11, 2014 and expired on March 12.  Because

Defendants' Petition for Removal was filed on March 13, the

Petition is untimely according under § 1446(b)(1).

     8.   Under § 1447(c), any "motion to remand the case on the

basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the

notice of removal under section 1446(a)."  Here, Plaintiff seeks

remand because of Defendants' procedural defect, and filed his

motion on April 11, 2014.  In accordance with Rule 6,

Plaintiff's motion is timely because it was filed twenty-eight

days after Defendants' Petition for Removal.  In light of the

procedural defect with removal, Plaintiff's timely motion to

remand, and the Third Circuit's instruction that the federal

removal statutes are to be strictly construed, the Court must

grant Plaintiff's motion and remand this case to the New Jersey

Superior Court, Camden County, Law Division.

---

[2] The four affidavits of service demonstrate that each Defendant was
served by leaving a copy with a person authorized to accept service, in
accordance with New Jersey Civil Practice Rules 4:4-4(a)(8) and 4:4-4(a)(1).
(See Pa. 1-4)

Accordingly,

      **IT IS** on this 8th day of May, 2014,

      **ORDERED THAT:**

1. Plaintiff's Motion for Remand to New Jersey State Court is hereby **GRANTED**.

2. This matter is hereby **REMANDED** to the New Jersey Superior Court, Camden County, Law Division, Docket Number: CAM-L-4967-13.

3. The Clerk of Court is hereby directed to **CLOSE THIS FILE**.

                      _____

                      JOSEPH E. IRENAS, S.U.S.D.J.